# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-40779
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Viola Elizabeth Garcia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1691-1

———————————————————————

Before Barksdale, Stewart, and Ho, *Circuit Judges*.

Per Curiam:*

Viola Elizabeth Garcia was convicted by a jury of using interstate-commerce facilities with the intent to commit murder for monetary consideration, and conspiracy, in violation of 18 U.S.C. §§ 1958(a) and 2. The district court sentenced her, *inter alia*, to the statutory maximum of 120

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

months' imprisonment.  She challenges the denial of her motion to suppress her statements made while in custody, the day after her arrest.

When reviewing the denial of a suppression motion, the district court's legal conclusions are reviewed *de novo*; its factual findings, for clear error.  *E.g.*, *United States v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011).  Whether defendant validly waived his or her "*Miranda* rights is a question of law reviewed de novo, but this court accepts the factual conclusions underlying the district court's legal determination unless they are clearly erroneous".  *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005) (citation omitted).  Moreover, we view the evidence in the light most favorable to denial of the suppression motion.  *E.g.*, *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010) ("[T]he court must view the evidence most favorably to the party prevailing [in district court]".) (citation omitted).

"[A]n accused has a Fifth and Fourteenth Amendment right to have counsel present during custodial interrogation."  *Edwards v. Arizona*, 451 U.S. 477, 482 (1981).  When the accused exercises this right, "law enforcement officers must cease questioning until counsel is made available to [her], unless the accused [herself] initiates further communication, exchanges or conversations with the officers".  *United States v. Montes*, 602 F.3d 381, 385 (5th Cir. 2010).  The right must be invoked "unambiguously", however; "ambiguous or equivocal" statements (or no statement at all) "do not require the cessation of questioning".  *Davis v. United States*, 512 U.S. 452, 459 (1994).

Garcia and three law-enforcement officers testified at the suppression hearing.  And a video of the pertinent interview of the asserted request for counsel was introduced.  Viewed in the requisite light most favorable to denial of the suppression motion, Garcia's passing reference to wanting a lawyer "yesterday" (the day of the arrest) would not put a reasonable officer

No. 22-40779

on notice that she was making an unequivocal request for counsel and seeking to terminate the interview. *See Scroggins*, 599 F.3d at 440; *Carrillo*, 660 F.3d at 923. Accordingly, the district court did not clearly err in finding that Garcia failed to unequivocally invoke her right to counsel or that law enforcement complied fully with her rights.

AFFIRMED.